

# THE LAMBROU LAW FIRM P.C.
ATTORNEYS AT LAW | A PROFESSIONAL CORPORATION
45 Broadway, Suite 3150
New York, New York 10006
(212) 285-2100 Fax (212) 285-2110
www.TellTheFirm.com

**Representing Clients for Over Two Decades**

Lambros Y. Lambrou*
Lucas Franken#

Of Counsel
Terrence Tarver^
James Trainor•
Dennis Desousa+

Office Manager
Cesilia Rivera

**VIA ECF**
Honorable Judith C. McCarthy
United States District Court
300 Quarropas Street Chambers 533
White Plains, NY 10601

> **SO ORDERED:**
> Plaintiff's time to respond to this letter under the Court's discovery order, (*See* Docket No. 41), has expired. Plaintiff is therefore directed to immediately respond to the issues set forth in this letter and explain her failure to timely do so by no later than close of business, August 21, 2023.
>
> /s/ Judith C. McCarthy   8-18-23
> JUDITH C. McCARTHY
> United States Magistrate Judge

**RE: Lucy Roches-Bowman v. Evans, Aristotle et. al.
Case No. 21 cv 5572**

Hon. Judith C. McCarthy,

    This firm represents the Defendant, Aristotle Evans, in the above-referenced action. Please let this letter serve as a letter motion seeking to compel Plaintiff to provide the discovery outlined below which was contained in Plaintiff's Second Demand for Documents served on August 2, 2023. Please be advised that counsel have conferred on this issue and Plaintiff's counsel has advised in writing that they will not provide the below discovery absent a court order to do so. More specifically, Plaintiff's counsel responded as follows, "Those documents are not relevant to the legal claims in this matter; therefore, if your client desires to demand them, he need to motion the court." As such, the instant letter motion is necessary.

    In brief, this case involves allegations that Defendant, Aristotle Evans sexually assaulted Plaintiff while they were working together on September 29, 2018, and as a result she suffered emotional and other damages. In opposition, among other things, Mr. Evans argues that the sexual contact that occurred on said date was consensual and a part of a broader relationship between the two (2) parties. Thus, it is our position that the heart of this case is the credibility of the plaintiff, and we are seeking discovery which goes directly to that issue. Moreover, the below discovery is also highly relevant to the emotional damages which Plaintiff is alleging. The items sought are as follows:

    *1. Complete copies of any and all documents/records, including but not limited to, marriage license(s), pre/post nuptial agreements, divorce decrees and/or separation agreements, regarding the marriage between Plaintiff and Patrick Richard Bowman.*

---

**Upstate New York Office**
(Not for Service)
195 County Route 65
East Windham, NY 12439
By Appointment Only

**New Jersey Office**
LAMBROU LAW P.L.L.C.
101 Hudson St, 21st Fl., Suite 2183
Jersey City, NJ 07302
Tel. (201) 899-4878
Fax (866) 777-8869

**Florida Office**
LAMBROU LAW P.L.L.C.
888 SE 3rd Ave., Suite 400
Fort Lauderdale, FL 33316
Tel. (954) 947-5555
Fax (866) 777-8869

**Pennsylvania Office**
LAMBROU LAW P.L.L.C.
1650 Market Street 36th Fl.
Philadelphia, PA 19103
Tel. (215) 910-4878
Fax (866) 777-8869

*Admitted New York, Florida, Pennsylvania, Connecticut, New Jersey & The District of Columbia • Admitted in New York & New Jersey
# Admitted New York, New Jersey & South Carolina +Admitted New York & California ^ Admitted in New York & Louisiana

*2. A copy of all pleadings, documents, discovery, stipulations, and any materials related to the divorce litigation in The New York State Supreme Court, County of Nassau, captioned, Patrick Richard Bowman v. Lucy Roches-Bowman, under Index No.: 200359/2020.*

*3. Complete copies of any and all records/documents submitted by Plaintiff or on Plaintiff's behalf regarding the legal citizenship and/or naturalization of Patrick Bowman.*

*4. Complete copies of any and all records/documents/affidavits/petitions, signed, executed and/or submitted by Plaintiff or on her behalf, regarding the adjustment of immigration status of Patrick Bowman, including but not limited to, I-130 (Petition for Alien Relative), I-485 (Application to Register Permanent Residence or Adjust Status) and/or marriage documents.*

*5. Authorizations to obtain the entire legal file, from the attorney that represented Ms. Bowman in the divorce proceeding mention above in request #2.*

*6. Authorization to obtain the items in request #3 and 4 above, from any legal representative, attorney or any person that may possess such information.*

*7. Authorization to obtain the items in request #3 and 4 above, from The United States Citizenship and Immigration Services and/or the Department of Homeland Security.*

The good faith basis for the aforementioned discovery is as follows: Plaintiff testified under oath at her deposition that she divorced her husband, Patrick Bowman, in 2017. (Plaintiff's Dep. Trans. at pgs. 15:16-25, 16:1-3). However, according to Nassau County Court filings, her testimony was false; she did not divorce Mr. Bowman until 2020, two (2) years after the alleged incident occurred. Not only is it reasonable to believe that the divorce litigation file may lead to impeachment materials based on the above-referenced testimony, but the timeline suggests that Plaintiff is claiming emotional damages as a result of an incident that occurred while she was also going through a divorce. Thus, it's imperative to investigate what, if any affect the incident in question had on Plaintiff's marriage or divorce to Mr. Bowman, and what, if any, emotional affect was alleged in the divorce proceedings arising out of the marriage. Towards that end, any allegation of cruel behavior or abuse in Plaintiff's marriage that was occurring at the same time as the incident giving rise to this lawsuit would be highly relevant to the alleged damages in this case.

Moreover, at the time of the alleged incident, not only was Plaintiff married to Mr. Bowman, but she was also living with her current fiancé, Deagrete Wright, with whom she shares a five (5) year old child. (Plaintiff's Dep. Trans. at pgs. 13:8-12, 15:4-15, 19:17-25, 20:1-19). Towards that end, Plaintiff's three (3) youngest children are ages five (5), seven (7) and nine (9). (Plaintiff's Dep. Trans. at pgs. 12:25, 13:2-20). Simple math demonstrates that they were all born while she was married to Mr. Bowman, yet none of the children are his. Instead, their fathers are Deagrete Wright, who is Plaintiff's current fiancé, and a man named, Lebert Miller. (Plaintiff's Dep. Trans. at pg. 14:10-25). We have a good faith basis to believe that, during this time, Plaintiff was also filing petitions for her husband, Mr. Bowman, with regards to his citizenship status in the United States. As such, those representations as to her marriage and its status in said petitions are relevant to issues related to her truthfulness and untruthfulness and will, also, likely lead to impeachment materials.

We believe the discovery sought will likely be admissible at trial, or lead to admissible materials, as it will reflect on Plaintiff's character for truthfulness or untruthfulness. (*See*, F.R.E. 608). However, as this Court is aware, at this stage the information sought need not be admissible to be deemed discoverable. Based on the foregoing, at a minimum, the discovery sought is relevant to the claims and defenses in this lawsuit, namely, Plaintiff's claims for emotional damages and her character for truthfulness and untruthfulness. As such, we respectfully request that the Court issue an Order compelling Plaintiff to provide the discovery outlined above within twenty (20) days.

Should the Court wish to hold a conference on this case to discuss these matters further, I will make myself available at the convenience of the Court. I thank the court in advance for its time and attention to this request.

Very truly yours,

**THE LAMBROU LAW FIRM, P.C.**

By: *Lucas B. Franken*
Lucas B. Franken, Esq.

LYL/ds