UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUCY ROCHES-BOWMAN,

                                    Plaintiff,

            v.

ARISTOTLE EVANS,

                                    Defendant.

No. 21-CV-5572 (KMK)

OPINION & ORDER

Appearances:

Eric Sanders, Esq.
The Sanders Firm, P.C.
New York, NY
*Counsel for Plaintiff*

William Otis Wagstaff, III, Esq.
The Wagstaff Firm, P.C.
White Plains, NY
*Counsel for Defendant City of Mount Vernon*

Lucas B. Franken, Esq.
Lambros Y. Lambrou, Esq.
The Lambrou Law Firm
New York, NY
*Counsel for Defendant Evans*

KENNETH M. KARAS, District Judge:

        Lucy Roches-Bowman ("Plaintiff") brought this Action, pursuant to 42 U.S.C. § 1983, 42

U.S.C. § 2000e (Title VII of the Civil Rights Act of 1964 or "Title VII"), and state law, against

Aristotle Evans ("Defendant"), alleging gender discrimination, hostile work environment, and

sexual abuse.  (*See generally* Compl. (Dkt. No. 1).)[1]  On August 24, 2022, the Court issued an

---

[1] Unless otherwise noted, the Court cites to the ECF-stamped page number in the upper-right corner of each page it cites from the record.

Opinion and Order granting Defendant's Partial Motion to Dismiss Plaintiff's Complaint.  (*See* 2022 Op. & Order 2 (Dkt. No. 33).)[2]  On September 19, 2024, the Court issued an Opinion and Order granting Defendant's Motion for Summary Judgment on Plaintiff's remaining two claims. (*See* 2024 Op. & Order 2 (Dkt. No. 93).)[3]

Now the Court is Defendant's Motion for Attorney's Fees pursuant to Federal Rule of Civil Procedure 54, 42 U.S.C. § 1988, and 42 U.S.C. § 2000e–5(k).  (*See* Not. of Mot. (Dkt. No. 97).)  For the following reasons, Defendant's Motion is denied.

I. Background

As this case has already produced two written opinions, the Court assumes the Parties' familiarity with the legal, factual, and procedural background of this case as set forth in those opinions, (*see* 2022 Op. & Order 2–6; 2024 Op. & Order 2–8), and will only discuss the background relevant to the Motion.

A.  Litigation History

On April 13, 2020, Plaintiff filed a complaint based on the same underlying acts and asserting similar allegations as in the instant Action.  (*See* Dkt. No. 1, Case No. 20-CV-2998.) On July 2, 2020, Defendant's prior counsel notified Plaintiff's counsel via letter that Defendant believed the case to be meritless, in part due to Plaintiff's failure to exhaust her Title VII claim with the Equal Employment and Opportunity Commission ("EEOC").  (*See* Def's Mem. Ex. B

---

[2] This Opinion is published at *Roches-Bowman v. City of Mount Vernon*, No. 21-CV-5572, 2022 WL 3648394 (S.D.N.Y. Aug. 24, 2022).  Although Plaintiff also asserted claims against the City of Mount Vernon, (*see generally* Compl.), the Court dismissed those claims in the 2022 Opinion and Order, (*see* 2022 Op. & Order 2).

[3] This Opinion is published at *Roches-Bowman v. Evans*, 749 F. Supp. 3d 479 (S.D.N.Y. 2024).  The Court also declined to exercise supplemental jurisdiction over Defendant's state law counter-claims and accordingly, denied as moot Plaintiff's Motion for Summary Judgment as to those claims.  (2024 Op. & Order 20–22.)

2

("Ex. B") 1–3 (Dkt. No. 99-2).)  Plaintiff voluntarily dismissed that complaint without prejudice on July 13, 2020.  (*See* Dkt. No. 13, Case No. 20-CV-2998.)

Plaintiff initiated the instant Action on June 25, 2021.  (*See* Dkt. No. 1.)  On September 27, 2021, Defendant's current counsel sent a letter to Plaintiff's counsel, detailing Defendant's views that Plaintiff's claims were "still without merit" and reiterating his position that Plaintiff's Title VII claims were time barred.  (Def's Mem. Ex. A ("Ex. A") 1–3 (Dkt. No. 99-2).)

On December 10, 2021, Defendant moved to dismiss Plaintiff's Title VII and state law claims as time barred.  (*See* Dkt. No. 26.)  Defendant did not move to dismiss Plaintiff's § 1983 claims.  (*See generally id.*)  The Court granted Defendant's motion on August 24, 2022.  (*See* 2022 Op. & Order 21.)

After discovery on Plaintiff's § 1983 claims, Defendant moved for summary judgment on November 30, 2023.  (*See* Dkt. No. 76.)  The Court granted Defendant's motion on September 19, 2024.  (*See* 2024 Op. & Order 22.)  Judgment was entered on September 20, 2024.  (*See* Dkt. No. 94.)

B.  The Instant Motion

On November 4, 2023, after requesting and receiving an extension of the time to file, (*see* Dkt. Nos. 95–96), Defendant filed his motion for attorney fees, (*see* Not. of Mot.; Decl. of L. Lambrou, Esq. in Supp. of Mot. ("Lambrou Decl.") (Dkt. No. 98); Def's Mem. in Supp. of Mot. ("Def's Mem.") (Dkt. No. 99)).  That same day, Defendant also moved for Rule 11 sanctions against Plaintiff.  (*See* Dkt. Nos. 100–02.)

In response to letters from both Parties, the Court held a pre-motion conference on December 18, 2024.  (*See* Dkt. Nos. 103–09; Dkt. (Minute Entry for Dec. 18, 2024).)  Following that conference, Defendant withdrew his motion for sanctions, (*see* Dec. 31, 2024 Ltr. from L.

3

Lambrou, Esq. to the Court 1 (Dkt. No. 110) ("While the [D]efendant believes the Rule 11 motion to be meritorious, following the conference, the [D]efendant will withdraw his first motion seeking Rule 11 sanctions.")), and requested that the Court set a briefing schedule for Plaintiff's response to the instant Motion, (*id.* at 1–2).

On January 13, 2025, the Court memo endorsed Defendant's proposed briefing schedule, directing Plaintiff to file any opposition by February 18, 2025, and Defendant to file any reply by March 11, 2025. (*See* Dkt. No. 113.) To date, Plaintiff has not filed an opposition. (*See generally* Dkt.) The Court therefore deems the Motion fully submitted. *See Chepilko v. City of New York*, No. 18-CV-2195, 2022 WL 4554961, at *1 (S.D.N.Y. Sept. 29, 2022) (deeming a motion fully submitted after the court provided the plaintiff an extension of time and warned him that a failure to submit his opposition in time to result in the court considering the motion unopposed); *Morehouse v. Vasquez*, No. 17-CV-4836, 2020 WL 1049943, at *10 (S.D.N.Y. Mar. 4, 2020) (deeming motion fully submitted after the plaintiff failed to file an opposition).

## II. Discussion

### A. Legal Standard

Under 42 U.S.C. § 1988, "a district court is authorized to award the prevailing party in a civil rights lawsuit reasonable attorneys' fees and costs." *Stanbro Palou Stanbro v. Westchester Cnty. Health Care Corp.*, No. 19-CV-10857, 2024 WL 1214560, at *2 (S.D.N.Y. Mar. 21, 2024); *Congregation Rabbinical Coll. of Tartikov, Inc. v. Village of Pomona*, No. 20-CV-6158, 2024 WL 4263205, at *2 (S.D.N.Y. Sept. 23, 2024) (stating a district court may award attorneys' fees to "'the prevailing party' '[i]n any action or proceeding to enforce a provision of . . . [42 U.S.C. §] 1983,' and other substantive sections of the civil rights laws"). Similarly, under Title VII, a district court may award "reasonable attorney's fee[s]" to "the prevailing party." *CRST*

*Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 422 (2016) (quoting 42 U.S.C. § 2000e–5(k) (internal quotation marks omitted)).

"Before deciding whether an award of attorney's fees is appropriate in a given case, . . . a court must determine whether the party seeking fees has prevailed in the litigation." *Id.*; *see also Congregation Rabbinical Coll. of Tartikov, Inc. v. Village of Pomona*, No. 07-CV-6304, 2021 WL 1222159, at *5 (S.D.N.Y. Mar. 31, 2021) ("Determining whether an award of attorney's fees is appropriate [in a § 1983 case] requires a two-step inquiry.  First, the party must be a prevailing party in order to recover.  If [the party] is, then the requested fee must also be reasonable." (quoting *Pino v. Locascio*, 101 F.3d 235, 237 (2d Cir. 1996))).  As relevant here, a defendant may be a "prevailing party" if, inter alia, the defendant obtains a favorable judgment on the merits.  *CRST*, 578 U.S. at 431–32.

"When a defendant is the prevailing party on a civil rights claim, . . . district courts may award attorney's fees if the plaintiff's 'claim was frivolous, unreasonable, or groundless,' or if 'the plaintiff continued to litigate after it clearly became so.'" *Id.* at 422–23 (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)); *see also Gilani v. Teneo, Inc.*, No. 20-CV-1785, 2022 WL 4593040, at *2 (S.D.N.Y. Sept. 30, 2022) ("While a prevailing plaintiff will typically be awarded attorneys' fees as a matter of course under these provisions, prevailing defendants must show that the plaintiff's 'claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'" (quoting *Christiansburg*, 434 U.S. at 422)).  "[A] prevailing defendant seeking to recover attorneys' fees has a higher burden than does a prevailing plaintiff," as "there are 'strong equitable considerations' for permitting routinely an award of fees to prevailing plaintiffs that 'are wholly absent' when a defendant prevails." *Jimenez v. Senior Exch., Inc.*, No. 23-CV-323, 2024 WL

1833808, at *7 (S.D.N.Y. Apr. 26, 2024) (quoting first *E.E.O.C. v. Safeguard Chem. Corp.*, 166 F. Supp. 2d 810, 814 (S.D.N.Y. 2001), then *Am. Fed'n of State, County & Mun. Emps., AFL-CIO v. County of Nassau*, 96 F.3d 644, 650 (2d Cir. 1996)).  Indeed, because "[t]he frivolity bar is a high one," *Tavarez v. Extract Labs, Inc.*, No. 21-CV-9916, 2024 WL 1155972, at *3 (S.D.N.Y. Mar. 18, 2024), "it is very rare that victorious defendants in civil rights cases will recover attorneys' fees," *Gilani*, 2022 WL 4593040, at *2 (quoting *Fleming v. MaxMara USA, Inc.*, No. 06-CV-6357, 2010 WL 1629705, at *8 (E.D.N.Y. Apr. 21, 2010)); *see also Jimenez*, 2024 WL 1833808, at *7 ("Because there is significant concern about 'chilling the initiation and prosecution of meritorious civil rights actions,' attorneys' fees are 'routinely awarded to a prevailing plaintiff who obtains some significant measure of relief, but are not so readily available to a prevailing defendant.'" (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 765, 769–70 (2d Cir. 1998))).

"Determining whether Plaintiff's claims were frivolous, unreasonable, or groundless 'requires an evaluation of the allegations and the proof in light of the controlling principles of substantive law.'"  *Contreras v. TD Assocs., LLC*, No. 21-CV-9096, 2025 WL 720516, at *3 (S.D.N.Y. Mar. 6, 2025) (quoting *LeBlanc-Sternberg*, 143 F.3d at 770).  "A claim 'is frivolous where it lacks an arguable basis either in law or in fact.'"  *Guglielmo v. Neb. Furniture Mart, Inc.*, No. 19-CV-11197, 2021 WL 4124660, at *5 (S.D.N.Y. Sept. 9, 2021) (quoting *Shakur v. Selsky*, 391 F.3d 106, 113 (2d Cir. 2004)).  In conducting this assessment, courts should "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, h[er] action must have been unreasonable or without foundation."  *Contreras*, 2025 WL 720516, at *3 (quoting *Christiansburg*, 434 U.S. at 421–22) (italics omitted); *see also Doe v. Norwalk Bd. of Educ.*, No. 21-CV-290, 2024 WL 896722, at *2

(D. Conn. Mar. 1, 2024) (noting that, per *Christiansburg*, courts should avoid post hoc reasoning "because the course of litigation is rarely predictable and [e]ven when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit" (internal quotation marks omitted)); *Torcivia v. Suffolk County*, 437 F. Supp. 3d 239, 248 (E.D.N.Y. 2020) (noting that engaging in "hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success" (quoting *Christiansburg*, 434 U.S. at 421–22)). Accordingly**,** "the mere fact that a plaintiff's claim is weak, without more, does not mandate the imposition of attorneys' fees in favor of a prevailing defendant." *Doe*, 2024 WL 896722, at *2 (citing *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 178 (2d Cir. 2006)).

    B. <u>Analysis</u>

    As an initial matter, because Defendant successfully obtained dismissal of Plaintiff's claims, it is clear that Defendant "prevailed" in a proceeding under § 1988 and § 2000e–5(k). *See Toussaint v. JJ Weiser, Inc.*, 648 F.3d 108, 110 (2d Cir. 2011) ("[T]here is no dispute that Defendants achieved both prevailing party status and some degree of success on the merits in this case because the district court granted summary judgment in their favor and [the Second Circuit] affirmed."); *see also Adstra, LLC v. Kinesso, LLC*, No. 24-CV-2639, 2025 WL 1070034, at *3 (S.D.N.Y. Apr. 9, 2025) ("Having secured complete dismissal of [the plaintiff's] claims against them, [the defendants] are prevailing parties."); *Alexander v. City of Syracuse,* No. 17-CV-1195, 2022 WL 673864, at *1 (N.D.N.Y. Mar. 7, 2022) ("By filing a motion for summary judgment that resulted in the dismissal of every claim Alexander asserted against them, the City defendants were plainly the prevailing party."); *Hadid v. City of New York*, No. 15-CV-19, 2018

WL 3999018, at *1 (E.D.N.Y. July 31, 2018) ("Given the Court's disposition on Defendants'

motion to dismiss and motion for summary judgment, Defendant is the prevailing party.").

Next, Defendant argues that "[P]laintiff's claims "amounted to legal frivolity, as no

meritorious legal theory existed on the face of [] Plaintiff's complaint when she brought forward

her lawsuit." (Def's Mem. 10.) Specifically, Defendant asserts that: (1) Plaintiff knew her Title

VII claims were time barred when she initiated the Action; and (2) "Plaintiff provided no

evidence that [Defendant] was acting under the color of law" during the alleged misconduct

underlying the § 1983 claims. (*See id.* at 10–11.)

The Court is unpersuaded. Instead, it concludes that Defendant has not demonstrated that

Plaintiff's claims were "frivolous, unreasonable or groundless," or that she "continued to litigate

after [they] clearly became so." *CRST*, 578 U.S. at 423.

### 1. Title VII Claims

First, Defendant has not shown that Plaintiff's Title VII claims were frivolous when the

lawsuit was initiated.

As discussed in the 2022 Opinion and Order, Plaintiff was required to exhaust her Title

VII claims by filing a complaint with the EEOC within 300 days of the allegedly unlawful

practice. (*See* 2022 Op. & Order 8 (citing, inter alia, *Boncoeur v. Haverstraw-Stony Point Cent.

Sch. Dist.*, No. 20-CV-10923, 2022 WL 845770, at *4 (S.D.N.Y. Mar. 22, 2022)).) On the

motion to dismiss, the Parties disputed whether Plaintiff had filed her EEOC complaint within

that window. (*Id.* at 9.) Defendant argued that the 300-day clock began running on September

29, 2018—the date of the alleged sexual assault—and thus, Plaintiff's filing on December 12,

2019, was over 100 days untimely. (*Id.*) Plaintiff, in contrast, argued that the clock began

running on April 19, 2019—the day the City of Mount Vernon alerted Plaintiff it had not

8

received her EEOC Notice of Claim—and thus, she filed well within the 300 day window. (*Id.*)
The Court agreed with Defendant's calculations, determining that "a sexual assault is a discrete
act, and discrete acts occur on the day they occur," and noting that Plaintiff had provided no
authority to the contrary. (*Id.* (quoting *Williams v. N.Y.C. Dep't of Educ.*, No. 19-CV-1353,
2019 WL 4393546, at *7 (S.D.N.Y. Aug. 28, 2019) (alterations adopted)).) The Court also
rejected Plaintiff's arguments that the continuing violation doctrines or equitable tolling applied.
(*Id.* at 9–11.)

        Here, the Court cannot conclude that Plaintiff's Title VII claims were frivolous,
unreasonable, or without foundation when they were filed. Although Plaintiff's claims were
ultimately deemed to be time barred, Plaintiff raised non-frivolous arguments to support an
extension of the statute of limitations. That these arguments "proved to be very weak" does not
necessitate that her claims were "without foundation" at their inception. *Doe*, 2024 WL 896722,
at *3; *see Gilani*, 2022 WL 4593040, at *2 ("[T]he mere assertion of a losing argument does not
satisfy the *Christiansburg* standard." (citing *LeBlanc-Sternberg*, 143 F.3d at 770)). Nor does the
fact that Plaintiff's claims were ultimately time barred "warrant the draconian outcome to award
fees against h[er]." *Mineo v. Town of Hempstead*, No. 22-CV-4092, 2024 WL 1077874, at *18
(E.D.N.Y. Feb. 23, 2024) (denying motion for attorney's fees where plaintiff's claims were
"barred by the statute of limitations" but where at least one claim "would have likely been a
valid claim had the statute of limitations not run" and where Plaintiff had "attempted to correct at
least some of the deficiencies in the original [c]omplaint"), *report and recommendation adopted*,
No. 22-CV-4092, 2024 WL 1072569 (E.D.N.Y. Mar. 12, 2024); *Ellis v. Wilkinson*, 81 F. Supp.
3d 229, 239–40 (E.D.N.Y. 2015) (denying award of attorney's fees were plaintiff's claims were
"clearly time-barred" but where plaintiff raised "extremely weak . . . legal theories that would

support extending the statute of limitations"); *4 W. Assocs. LLC. v. E. Hampton Town*, No. 13-CV-3053, 2014 WL 2711918, at *2–3 (E.D.N.Y. June 10, 2014) (denying an attorney's fee award to defendants even where the "action [wa]s barred by the statute of limitations").[4]

Nor is it the case that Plaintiff "continued to litigate after [her claims] clearly became" groundless. *CRST*, 578 U.S. at 422–23. Here, after Defendant's counsel notified Plaintiff's counsel that Defendant considered her claims to be time-barred, Plaintiff voluntarily withdrew her initial case and then refiled the instant Action, presenting additional legal arguments as to why her Title VII claims were timely. (*See* Ex B; Dkt. No. 13, Case No. 20-CV-2998; 2022 Op. & Order 8–10.) That Plaintiff was ultimately unsuccessful does not, by itself, render the filing of her claims frivolous. *See Tavarez*, 2024 WL 1155972, at *2 (denying defendant's motion for attorney's fees even where defendant had informed plaintiff by letter of "the unreasonableness of the litigation" as "[the plaintiff] was not obligated to accept [the defendant's] word" on a factual dispute); *see also Adams v. Town of Clarkstown Police Dep't*, No. 21-CV-11062, 2023 WL 1109647, at *7 n.6 (S.D.N.Y. Jan. 30, 2023) (declining to award fees where "[it] [was] [p]laintiff's counsel, not [p]laintiff, who should have been aware of the defect in the claim, but § 1988 contains no mechanism for the imposition of fees to be paid by counsel"); *Gilani*, 2022 WL 4593040, at *4 (concluding that, even though the plaintiff's "claims were indeed very weak and often the [c]ourt found that they were only supported by his subjective belief[,] . . . they were not so frivolous as to warrant an award of attorney's fees" (internal quotation marks omitted)). And Plaintiff's single refiling is nowhere near the "particularly vexatious behavior on the part of the plaintiff" that might warrant a fee award. *See Doe*, 2024 WL 896722, at *2 (noting that "the

---

[4] Defendant points to no authority suggesting that the filing of a time-barred lawsuit is—by itself—frivolous, (*see* Def's Mem. 10–11), and the Court declines to decide so here.

Second Circuit has upheld the imposition of attorneys' fees where the plaintiff previously litigated the issues and lost before bringing his or her claim in federal court"); *see also Mineo*, 2024 WL 1077874, at *18 n.10 (distinguishing a case where the "[p]laintiff filed only one complaint at the inception of the case and filed the instant motion to amend months later" from cases where the "[p]laintiff continued to litigate the matter even after obtaining an unfavorable outcome").

       2.   <u>Section 1983 Claims</u>

Second, Defendant fares no better as to Plaintiff's § 1983 claims. The crux of Defendant's argument is that those claims were frivolous because "Plaintiff provided no evidence that [Defendant] was acting under the color of law during the acts alleged by [Plaintiff]," and that, at summary judgment, Plaintiff "did not even attempt to argue that [Defendant] was acting under color of law during the acts alleged." (Def's Mem. 11.)

As Defendant notes, the Court concluded on summary judgment that "Plaintiff ha[d] not adduced evidence from which a reasonable jury could conclude that Defendant was acting under color of state law during the" alleged incident. (*See* 2024 Op. & Order 20.) Yet, it is notable that, although Defendant *now* argues that these claims were frivolous from their inception, Defendant did not actually move to dismiss these claims, instead answering them and proceeding directly to discovery. (*See* 2022 Op. & Order 21; *see* Dkt. No. 34.) Indeed, Defendant only raised this argument on summary judgment, after both Parties were deposed. (*See* 2024 Op. & Order 13–14.) That Plaintiff ultimately lost this argument—or even that she failed to address it on summary judgment—does not, by itself, render her § 1983 claims baseless *when filed*, nor does it demonstrate that she continued litigating after her claims became obviously frivolous. Concluding otherwise would be embracing "revisionist history." *See Guglielmo*, 2021 WL

4124660, at *5 (denying motion for attorney's fees where "[the] [p]laintiff's allegations, while vague, were not entirely bereft of factual or legal bases"); *see also Scanlan v. Town of Greenwich*, No. 18-CV-1322, 2023 WL 3125666, at *4 (D. Conn. Apr. 27, 2023) ("[A]lthough Plaintiff did not identify sufficient evidence to survive summary judgment, the Court concludes that her case was not so unreasonable or without foundation when filed so as to warrant an award of attorneys' fees and costs from its inception."); *Naughton v. Gutcheon*, No. 21-CV-402, 2023 WL 3042173, at *3 (D. Conn. Apr. 21, 2023) ("While the Court held that the allegations in the Complaint were insufficient to plausibly allege the federal constitutional claims . . . , this does not require a finding, and the Court cannot conclude, that Plaintiff's federal claims were frivolous at their inception."); *Lenzo v. City of New York*, No. 21-CV-306, 2022 WL 4621440, at *2 (S.D.N.Y. Sept. 30, 2022) ("[A]lthough [the plaintiff's] claims and arguments in this case were certainly weak, and not sufficient to survive the [defendant's] motion to dismiss, the Court cannot conclude that it was unreasonable, frivolous or vexatious for [the plaintiff] to bring his suit." (internal quotation marks omitted)); *Tancredi v. Metropolitan Life Ins. Co.*, 378 F.3d 220, 230 (2d Cir. 2004) (reversing an award of attorney's fees because "[h]indsight proves that plaintiffs' allegation . . . was very weak, but it was not completely without foundation").

## III. Conclusion

In sum, the Court is unwilling to conclude that, because Plaintiff's claims were ultimately unsuccessful, they "amounted to legal frivolity." (*See* Def's Mem. 10.) To hold otherwise would risk "chilling the initiation and prosecution of meritorious civil rights actions." *Doe*, 2024 WL 896722, at *3 (quoting *LeBlanc-Sternberg*, 143 F.3d at 770).

For the foregoing reasons, Defendant's Motion is denied.  The Clerk of Court is respectfully directed to close the pending Motions.  (Dkt. Nos. 97, 100, 110.)

SO ORDERED.

DATED:      September 18, 2025
                White Plains, New York

_____

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE